UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GIOVANNI M., an infant, by his parents, JOHN
M. and MICHELE M., and JOHN M. and
MICHELE M., on their own behalf,

                          MEMORANDUM AND ORDER

                Plaintiffs,              CV 10-5484

      -against-                         (Wexler, J.)

THOMAS O'BRIEN, Individually, and in his
capacity as an employee of the Brentwood Union
Free School District, LINDA PAPPERT,
Individually, and in her capacity as an employee of
the Brentwood Union Free School District, KEREN
ADACKI, Individually, and in her capacity as an
employee of the Brentwood Union Free School
District, DAVID GOLDFARB, Individually, and
in his capacity as an employee of the Brentwood
Union Free School District, DR. JOAN LANGE,
Individually, and in her capacity as an employee of
the Brentwood Union Free School District, and the
BRENTWOOD UNION FREE SCHOOL DISTRICT,

                Defendants.
-----------------------------------------------------------X

APPEARANCES:

      LAW OFFICES OF WAYNE J. SCHAEFER, LLC.
      BY: WAYNE J. SCHAEFER, ESQ.
      Attorneys for Plaintiffs
      199 East Main Street, Suite 4
      Smithtown, New York 11787

      DEVITT SPELLMAN BARRETT, LLP
      BY: KELLY E. WRIGHT, ESQ.
      Attorneys for Defendants
      50 Route 111
      Smithtown, New York 11787

1

WEXLER, District Judge

This is a case in which Plaintiffs allege federal and state law causes of action arising out of allegations regarding the treatment of the minor Plaintiff while a student at the Brentwood Union Free School District (the "District"). In addition to naming the District as a Defendant, Plaintiffs also name several individual District employees. The case was commenced on August 5, 2010, by the minor Plaintiff's parents, on behalf of the minor and themselves, in New York State Court. Defendants were served with the summons and complaint on November 9, 2010. On November 29, 2010, Defendants removed the case to this court. Presently before the court is Plaintiffs' motion to remand the matter to the State Court. For the reasons that follow, the motion to remand is denied.

## BACKGROUND

I. The Parties and the Allegations of the Complaint

As noted, this case arises out of allegations regarding the minor Plaintiff's treatment while a student at the District. The complaint alleges various incidents of harassment, and the failure of the District to respond thereto. Additionally, the complaint alleges that the minor Plaintiff, who the complaint characterizes as emotionally disturbed, was improperly transferred out of the District High School, and placed in a home instructional setting. The minor's parents deemed the education being afforded to their child to be inadequate, and enrolled him in a local private school.

Plaintiffs' complaint sets forth fifteen causes of action. The first cause of action alleges negligence, and states that the District breached its duties to supervise students, and to provide a safe educational environment for the minor Plaintiff. The second cause of action alleges that the

minor Plaintiff suffered extreme emotional distress as a result of the allegedly shocking and outrageous conduct on the part of Defendants. Third, Plaintiffs' allege that Defendants' conduct led the minor Plaintiff to fear for his safety. Plaintiffs' fourth cause of action alleges a violation of Section 296 of the New York Executive Law, in that the hostile educational environment to which the minor Plaintiff was exposed interfered with his right to a free public education. Plaintiffs' fifth cause of action is asserted pursuant to 42 U.S.C. §1981, asserting that the minor Plaintiff was denied rights based upon his race. Plaintiffs' sixth cause of action alleges a violation of Title VI of the Civil Rights Act of 1964, alleging that the District, a recipient of federal funding, intentionally discriminated against Plaintiff on the basis of his race. Seventh, Plaintiffs allege that as an emotionally disturbed student, the Defendants' conduct resulted in the denial of the minor Plaintiff's rights under the Individual with Disabilities Education Act (the "IDEA"), 20 U.S.C. §1415. The eighth and ninth causes of action make similar allegations, stating that the minor Plaintiff was denied his rights under the Americans with Disabilities Act, (the "ADA"), 42 U.S.C. §12132, and the Rehabilitation Act, 29 U.S.C. §794. Plaintiff's tenth cause of action alleges a violation of Article 1, Section 11 (the Equal Protection Clause) of the New York State Constitution. The eleventh cause of action alleges a corresponding violation of the Fourteenth Amendment of the United States Constitution. The twelfth and thirteenth causes of action allege federal civil rights claims under 42 U.S.C. §1983. Finally, the fourteenth and fifteenth causes of action allege individual, and aider and abettor liability of the individual Defendants as employees of the Defendant District. Plaintiffs seek tuition reimbursement, damages, equitable relief, and attorneys fees.

II. The Removal and Motion for Remand

Defendants removed the case to this court on November 29, 2010. The notice of removal alleges the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1331. The notice predicates the existence of such federal question jurisdiction on the fact that Plaintiffs' complaint alleges violations of Plaintiffs' Fourteenth Amendment Constitutional rights via 42 U.S.C. §1983, and the IDEA. The notice states further that the federal claims are removed pursuant to 28 U.S.C. §1443 ("Section 1443").

Plaintiffs move to remand on the grounds that removal was procedurally improper because Section 1443 does not provide the proper basis for removal, and because Defendant was not acting on behalf of all named Defendants at the time of the removal. Defendants respond that the citation to Section 1443 was in error, and that they should be allowed to file an amended notice of removal citing specifically to the general federal jurisdiction removal statute – 28 U.S.C. §1441 ("Section 1441"), as the basis for removal. Additionally, Defendants argue that the remand motion is untimely.

III. Disposition of the Motion

28 U.S.C. § 1441(a) ("Section 1441") provides that a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The court's review of the complaint, as described above, reveals that this matter, alleging several federal causes of action, was clearly removable pursuant to Section 1441. Such federal claims include those explicitly set forth as a basis for removal in Defendants' notice of removal, i.e., the Fourteenth Amendment via Section 1983, and the IDEA. The court views Defendants' citation to Section 1443, as opposed to

4

Section 1441, as a technical error and will allow the filing of an amended notice of removal setting forth Section 1441 as the basis for removal. Such an amendment is proper pursuant to 28 U.S.C. §1653, which allows for amendment of pleadings to show jurisdiction. See Rhinehart v. CSX Transp., Inc., 2010 WL 2388859 *6 (W.D.N.Y. 2010); St. Vincent's Hosp. of Staten Island v. Taylor, 2007 WL 2325073 *2 (E.D.N.Y. 2007); CBS Inc. v. Snyder, 762 F. Supp. 71, 73 (S.D.N.Y.1991). This amendment is appropriate here, even after the 30 day period for removal, because Defendants' initial notice of removal set forth federal statutes as a basis for federal question jurisdiction, and cited to the existence of federal question jurisdiction pursuant to 28 U.S.C. §1331. The proposed amended notice of removal does not set forth a new basis for removal. Instead, it cures a mere technical defect. Additionally, Defendants have demonstrated that they acted on behalf of all defendants when removing this matter.

For the foregoing reasons the court holds that removal was proper. Even assuming, therefore, that the motion to remand was timely filed, it is properly denied on the merits.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied. Counsel are directed to contact the chambers of the assigned Magistrate Judge for the purpose of entering into an appropriate discovery schedule.

SO ORDERED

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
April 28, 2011